# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

ROBERT LEE TAYLOR,                          :
                                            :
        Plaintiff,                          :
                                            :       1:05-CV-159 (WLS)
vs.                                         :
                                            :       **PROCEEDINGS UNDER 42 U.S.C. § 1983**
KEVIN ROBERTS, Warden,                      :       **BEFORE THE U.S. MAGISTRATE JUDGE**
                                            :
                                            :
        Defendants.                         :
_____

## ORDER AND RECOMMENDATION OF DISMISSAL

*Pro se* prisoner plaintiff **ROBERT LEE TAYLOR** filed the above-styled complaint pursuant to 42 U.S.C. § 1983 (2000). Plaintiff sought leave to proceed without pre-payment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a) (2000). As it appears plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**. Based on plaintiff's submissions, the Court waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(4) (2000). However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1) (2000).

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall *each month* cause to be remitted to the Clerk of this Court **TWENTY PERCENT (20%)** of the preceding month's income credited to plaintiff's account at said institution until the $250.00 filing fee has been paid in full.

## I. STANDARD OF REVIEW

### A. 28. U.S.C. § 1915(e)(2)

Because plaintiff sought leave to proceed *in forma pauperis*, the Court is conducting a review of the instant complaint for frivolity under 28 U.S.C. § 1915(e)(2) (2000). Notwithstanding any filing fee or portion thereof that might have been paid, this Court is required to review prisoner complaints with a view toward dismissing the complaint or any portions thereof if the complaint: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2).

An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, the claim seeks to enforce a right which clearly does not exist, or there is an affirmative defense which would defeat the claim, such as the statute of limitations. Id. at 327; *See also* Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n. 2 (11th Cir. 1990).

### B. General Requirements of 42 U.S.C. § 1983

In any action under 42 U.S.C. § 1983, the initial question presented to the court is whether the essential elements of a § 1983 cause of action are present. First, a plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution or laws of the United States. Second, he must allege that the act or omission was committed by a person acting under color of state law. Parratt v. Taylor, 451 U.S. 527, 535, *overruled in part on other grounds,* 474 U.S. 327 (1986).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges in the complaint, that the medical staff has refused to treat him and provide him with proper treatment for a skin rash and nail fungus. Plaintiff states that he has completed numerous medical forms and has not received the proper help or medicine. Plaintiff names Warden Kevin Roberts the sole defendant. Plaintiff seeks *inter alia*, one thousand dollars in damages.

## III. RECOMMENDATION OF DISMISSAL

It is well established that deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment because the denial is tantamount to "unnecessary and wanton infliction of pain." *See* Estelle v. Gamble, 429 U.S. 97, 104 (1976).

Upon consideration of plaintiff's complaint, it appears that although Warden Kevin Roberts is named as the defendant, sufficient allegations have not been set forth against him. Plaintiff states that he wrote Warden Roberts "a legal notice of the medical problems and the civil action."

A plaintiff cannot prevail under § 1983 based solely on a theory of respondeat superior. Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986); H.C. by Hewett v. Jarrard, 786 F.2d 1080, 1086-87 (11th Cir. 1986). In order to prevail on a § 1983 claim against a supervisory official, a plaintiff must show that the named defendant was actually involved in, or exercised control or direction over, the alleged constitutional deprivation. Cotton v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003); Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999). The plaintiff must also allege deprivation of rights by individual employees in their official capacity. Kentucky v. Graham, 473 U.S. 159, 166 (1985); Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1316 (11th Cir. 2000); McLaughlin v. City of LaGrange, 662 F.2d 1385, 1388 (11th Cir. 1981).

Plaintiff has not satisfied these standards with respect to defendant Kevin Roberts. In fact, plaintiff does nothing more than name Warden Roberts in the caption of the complaint. Thus, the undersigned **RECOMMENDS** that the within complaint be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this **RECOMMENDATION** with United States District W. Louis Sands, by filing the same in writing with the Clerk **WITHIN TEN (10) DAYS** after being served with a copy thereof

**SO RECOMMENDED**, this 6th day of March, 2006.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

mh